IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ALLEN HARVIN, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| | : | NO. 18-5340 |
| COMMISSIONER OF SOCIAL SECURITY, | : | |
| Defendant. | : | |

## **MEMORANDUM OPINION**

Allen Harvin ("Harvin" or "Plaintiff") seeks review, pursuant to 42 U.S.C. § 405(g), of the Commissioner of Social Security's ("Commissioner") decision denying his claim for Disability Insurance Benefits ("DIB").[1] In addition to opposing Harvin's Request for Review, the Commissioner seeks to stay the proceedings. As set forth below, the Commissioner's Motion to Stay will be denied. Harvin's Request for Review will be granted and this case will be remanded to the Commissioner for a hearing before a different Administrative Law Judge ("ALJ") who has been properly appointed pursuant to the Appointments Clause of the United States Constitution.

## **I.      FACTUAL AND PROCEDURAL BACKGROUND**

Harvin was born on March 18, 1959. R. at 48.[2] He is able to communicate in English. Id. at 129. He has past relevant work as a physical trainer. Id. at 20. Harvin protectively filed

---

[1] In accordance with 28 U.S.C. § 636(c), the parties consented to have the undersigned United States Magistrate Judge conduct proceedings in this case, including the entry of final judgment. See Doc. Nos. 3, 9.

[2] Citations to the administrative record will be indicated by "R." followed by the page number.

an application for DIB pursuant to Title II of the Social Security Act on August 20, 2015.  Id. at 14.  He alleged disability beginning on August 31, 2013 due to severe arthritis and prior right knee surgery.  Id. at 48-49.  His application was initially denied on December 11, 2015.  Id. at 14.  Harvin then filed a written request for a hearing on December 21, 2015.  Id.  A video hearing before an ALJ was held on November 14, 2017.  Id. at 26-47.

On January 31, 2018, the ALJ issued a decision determining that Harvin was not disabled.  Id. at 11-21.  In his decision, the ALJ found that Harvin suffered from the following severe impairment: osteoarthritis of the right knee.  Id. at 16.  The ALJ concluded that Harvin did not have an impairment, nor a combination of impairments, that met or medically equaled a listed impairment.  Id. at 17.  The ALJ found that Harvin had the residual functional capacity to "perform light work as defined in 20 CFR 404.1567(b) and SSR 83-10, except the claimant cannot climb ladders, ropes, or scaffolds."  Id.  Relying upon the testimony of the vocational expert who appeared at the hearing, the ALJ determined that Harvin could perform his past relevant work as a physical trainer.  Id. at 20-21.  Accordingly, the ALJ found that Harvin was not disabled.  Id. at 21.

Harvin filed an appeal with the Appeals Council on April 12, 2018.  Id. at 256-57.  On October 16, 2018, the Appeals Council denied Harvin's request for review, thereby affirming the decision of the ALJ as the final decision of the Commissioner.  Id. at 1-8.  Harvin then commenced this action in federal court.

## II.     **HARVIN'S REQUEST FOR REVIEW**

In his Request for Review, Harvin asserts as his sole claim that the appointment of the ALJ who presided over his case did not comply with the Appointments Clause of the United States Constitution and that, pursuant to the recent United States Supreme Court decision in

Lucia v. Securities and Exchange Commission, 138 S. Ct. 2044 (2018), his case must be remanded for a new hearing before a different, properly-appointed ALJ.

## III. DISCUSSION

### A. The Commissioner's Motion to Stay Is Denied

Harvin argues, for the first time, that the appointment of the ALJ who presided over his case did not comply with the Appointments Clause of the United States Constitution and that, pursuant to Lucia, his case must be remanded for a new hearing before a different, properly-appointed ALJ. Pl.'s Br. (Doc. No. 12) at 3-4. In Lucia, the Supreme Court held that ALJs who presided over hearings before the Securities and Exchange Commission were inferior officers that must be appointed consistent with the Appointments Clause and that "'one who makes a timely challenge to the constitutional validity of the appointment of an officer who adjudicates his [or her] case' is entitled to relief" in the form of a new hearing before a properly-appointed official different from the one who had previously adjudicated the case. 138 S. Ct. at 2051-55 (quoting Ryder v. United States, 515 U.S. 177, 182-83 (1995)). At the time the Supreme Court decided Lucia, Social Security ALJs were appointed from a pool of applicants maintained by the Office of Personnel Management. See Report and Recommendation at 6-7, Muhammad v. Berryhill, No. 18-172 (E.D. Pa. Nov. 2, 2018), ECF No. 25, report and recommendation rejected, 381 F. Supp. 3d 462 (E.D. Pa. 2019). Following Lucia, on July 16, 2018, the Acting Commissioner ratified the appointment of ALJs to address any Appointments Clause questions involving disability claims. Id. (citing Soc. Sec. Admin., EM-180003 REV 2, Important Information Regarding Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process—UPDATE (8/6/2018)). The Commissioner argues that because Harvin never presented his Appointments Clause claim to the Social Security Administration at

any point in the administrative process, he forfeited that claim for purposes of federal court review.  Def.'s Br. (Doc. No. 13) at 5-14.

Because none of the Commissioner's ALJs were properly appointed prior to Lucia, the Appointments Clause issue has arisen in a number of pending cases.  See, e.g., id. at 9-12 (collecting cases).  These cases have led a number of judges in this District to issue conflicting opinions regarding whether a Social Security claimant who failed to raise the Appointments Clause issue during his or her administrative proceedings may successfully raise the issue for the first time in a case requesting review of the Commissioner's final decision on their application.[3] A significant number of such cases are pending in this District, and the Commissioner has consistently asserted his waiver argument and sought to stay pending actions until the United States Court of Appeals for the Third Circuit addresses two consolidated cases in which a district court judge has rejected the Commissioner's argument.  See Bizarre v. Berryhill, No. 19-1773 (3d Cir.); Cirko v. Berryhill, No. 19-1772 (3d Cir.).

Here, the Commissioner has filed such a motion seeking a stay in this action pending a decision by the Third Circuit on the Appointments Clause issue presented in Bizarre and Cirko.  Def.'s Mot. to Stay (Doc. No. 14).  The Supreme Court has explained that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the

---

[3]  A number of district judges and magistrate judges in this District have held that a claimant may raise an Appointments Clause claim for the first time in district court.  See, e.g., Kellett v. Berryhill, No. 18-4757, 2019 WL 2339968 (E.D. Pa. June 3, 2019) (Rice, J.); Ready v. Berryhill, No. 18-04289, 2019 WL 1934874 (E.D. Pa. Apr. 30, 2019) (Lloret, J.); Culclasure v. Comm'r of Soc. Sec., 375 F. Supp. 3d 559 (E.D. Pa. 2019) (Kearney, J.); see also Order adopting report and recommendation, Perez v. Berryhill, No. 18-1907 (E.D. Pa. Apr. 23, 2019), ECF No. 21 (Savage, J.).  A number of other judges in this district have ruled to the contrary.  See, e.g., Marchant v. Berryhill, No. 18-035, 2019 WL 2268982 (E.D. Pa. May 28, 2019) (Kelley, J.); Muhammad v. Berryhill, 381 F. Supp. 3d 462 (E.D. Pa. 2019) (Pappert, J.); Cox v. Berryhill, No. 16-5434, 2018 WL 7585561 (E.D. Pa. Dec. 18, 2018) (Diamond, J.).

ca[]ses on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." Landis v. N. Am. Co., 299 U.S. 248, 254-55 (1936). In determining whether to issue such a stay, a court must consider "whether the proposed stay would prejudice the non-moving party, whether the proponent of the stay would suffer a hardship or inequity if forced to proceed and whether granting the stay would further the interest of judicial economy." Airgas, Inc. v. Cravath, Swaine & Moore LLP, No. 10-612, 2010 WL 624955, at *3 (E.D. Pa. Feb. 22, 2010) (citing Landis, 299 U.S. at 254-55). "'The proponent of a stay bears the burden of establishing its need.'" Richardson v. Verde Energy USA, Inc., No. 15-6325, 2016 WL 4478839, at *2 (E.D. Pa. Aug. 25, 2016) (quoting Clinton v. Jones, 520 U.S. 681, 708 (1997)).

This Court has previously expressed its opinion that a stay in the numerous pending cases raising the Appointments Clause issue is not warranted because it threatens to cause undue delay and hardship to claimants while it would not serve judicial efficiency because it would create a backlog of stayed Social Security cases for the Court, thus threatening even further delay. See Report and Recommendation at 4-7, Fuentes v. Saul, No. 18-3513 (E.D. Pa. Sept. 26, 2019), ECF No. 24. For the reasons identified in that Report and Recommendation, the Commissioner has failed to meet his burden to demonstrate that a stay is warranted. Accordingly, the Commissioner's Motion to Stay is denied.

### B. The Case Is Remanded to the Commissioner for a Hearing Before Another Properly-Appointed ALJ

In Pisacano v. Commissioner of SSA, I issued a Report and Recommendation that analyzed the Appointments Clause issue and concluded that a Social Security claimant did not forfeit his or her right to challenge an ALJ's appointment when he or she failed to raise the issue

at the administrative level, and, therefore, recommended remanding the case to the Commissioner for a hearing before another properly-appointed ALJ.[4] Report and Recommendation, Pisacano v. Comm'r of SSA, No. 18-3182 (E.D. Pa. June 27, 2019), ECF No. 14. For the reasons stated in my Report and Recommendation in Pisacano, this case is remanded for a hearing before a different, properly-appointed ALJ.

## IV.  CONCLUSION

For the reasons set forth above, the Commissioner's Motion to Stay is denied and Plaintiff's Request for Review is granted. An appropriate Order follows.

Dated: October 22, 2019

                        BY THE COURT:

                        */s/ Marilyn Heffley*
                        MARILYN HEFFLEY
                        UNITED STATES MAGISTRATE JUDGE

---

[4] Subsequent to issuing my Report and Recommendation in Pisacano, on July 1, 2019, the Honorable Joseph F. Leeson, Jr. granted the Commissioner's Unopposed Motion to Stay that action pending a decision by the Third Circuit on the Appointments Clause in Bizarre and/or Cirko.